On Application for Rehearing

BEATTY, Retired Justice.
On rehearing the County takes us to the woodshed for our failure in our original opinion to discuss the question of notice. The County contends that there was no evidence that it had had any prior notice or knowledge of a defect in the roadway or road shoulder at the location of Funera’s accident.
As our supreme court stated in Tuscaloosa County v. Barnett, 562 So.2d 166, 168 (Ala. 1990), “The standard of care required of a county in such a case as this is to remedy defects upon receiving notice of them; notice may be constructive and need not be actual.” (Emphasis added.)
In Craig v. City of Mobile, 658 So.2d 438, 441-42 (Ala. 1995), our supreme court stated:
“Thus, we conclude that the City had a duty to act with reasonable care in the construction and maintenance of the Mont-limar Canal.
“Moreover, under §11-47-190, [Ala. Code 1975,] a municipality may be liable for an injury suffered by a person inhere the injury-causing defect 'had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect.’ Viewing the evidence in a light most favorable to Craig, we conclude that the defect created by concrete rip-rap with exposed rebar had existed in Montlimar Canal for at least 4 years and possibly for as long as 33 years before Dean was injured; this fact raises a presumption of notice to the City. Accordingly, if the city breached its duty to use reasonable care in the construction and maintenance of Mont-limar Canal, it may be liable for injuries proximately caused by that breach.
*822 [[Image here]]
“... Viewing the totality of this evidence in a light most favorable to Craig, the nonmovant, we hold that she presented in support of her claim substantial evidence creating genuine issues of material fact. Thus, the City’s summary judgment must be reversed.”
(Citations omitted; emphasis added.)
As we noted in our original opinion, both sides submitted evidence with respect to the condition of the roadway and the road shoulder where the accident occurred.
The County introduced the affidavit of its traffic engineer, who stated that he “found no defect in the roadway or road shoulder at the location of [Funera’s] wreck” and the affidavit of its superintendent of the Bessemer Division of the Transportation Department, who stated that he “was unable to find any complaints for Nancy Ann Bend Road for the 24 month period prior to February 28, 1995, the date of Mr. Funera’s accident” and that he “would have been made aware of such complaints.”
As noted in our original opinion, the Fun-eras submitted the affidavit of their expert, who stated that the “large amount of super-elevation [of the curve] created an ultrahaz-ardous risk that large, slow-moving vehicles might turn over,” that the “excessive slope [of the highway shoulder] created an ultra-hazardous condition,” and that “[t]he risk was compounded by the fact that the risk of the sloping roadway was made more dangerous by the steep slope of the shoulder.”
Although there had not been any prior complaints about the roadway or the road shoulder, there was substantial evidence indicating that the County had created the hazardous condition in the roadway and the road shoulder and that this defect had existed for at least two years before the accident. Consequently, there is a question of fact as to whether the County had knowledge of this defect.
Accordingly, because of the conflicting evidence presented, the summary judgment was improper.
APPLICATION OVERRULED; RULE 39(k) MOTION DENIED.
All the judges concur.